# UNITED STATES DISTRICT COURT
## District of Kansas
(Wichita Docket)

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        v.                      CASE NO. 6:25-cr-10156-JWB-1-2

**SAI PRAVEEN KOMMANA, and**
**VENKATESWARA REDDY CHAGAMREDDY,**

        **Defendants.**

# INDICTMENT

**THE GRAND JURY CHARGES**:

## COUNT 1

**WIRE FRAUD CONSPIRACY**
**[18 U.S.C. § 1349]**

Beginning at a date unknown but at least May 2025 through on or about September 17, 2025, inclusive, in the District of Kansas and elsewhere, the defendants,

**SAI PRAVEEN KOMMANA, and**
**VENKATESWARA REDDY CHAGAMREDDY**

did knowingly and willfully combine, conspire, agree, and have a tacit understanding with other persons known and unknown to the Grand Jury to devise and intend to devise a scheme and artifice to defraud another and for obtaining money and property by means of

materially false and fraudulent pretenses, representations, and promises, and for the purpose of executing and attempting to execute the scheme and artifice, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, any writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

### Relevant Persons and Entities

At all times relevant to this Indictment:

1. V.M. is an 84-year-old female resident of Sedgwick County, Kansas.

2. First National Bank of Hutchinson is a Federal Deposit Insurance Corporation ("FDIC") insured financial institution located in Hutchinson, Kansas. V.M. has a personal account at First National Bank of Hutchinson.

3. The Bank of New York Mellon is a FDIC-insured financial institution located in New York, New York. V.M. has an Edward Jones trust account held at The Bank of New York Melon.

4. Legacy Bank is a FDIC-insured financial institution located in Wichita, Kansas. V.M. has a personal bank account at Legacy Bank.

5. Garden Plain State Bank is a FDIC-insured financial institution located in Garden Plain, Kansas. V.M. has a personal account at Garden Plain State Bank.

### Manner and Means

6. **SAI PRAVEEN KOMMANA**, **VENKATESWARA REDDY CHAGAMREDDY**, and other persons known and unknown to the Grand Jury knowingly conspired, participated, and were involved in a scheme to defraud primarily elderly victims

across the United States by pretending to be federal officials, and then convincing these elderly individuals to hand over their cash or large amounts of gold. **SAI PRAVEEN KOMMANA**, and **VENKATESWARA REDDY CHAGAMREDDY**, and their co-conspirators posed as federal officials and, through telephone calls, text messages, and other encrypted communications, coordinated to defraud primarily elderly victims, including, V.M., a person known to the Grand Jury and a resident of Sedgwick County, Kansas. **SAI PRAVEEN KOMMANA**, and **VENKATESWARA REDDY CHAGAMREDDY**, and their co-conspirators tricked V.M. into transferring money from her bank accounts, buying gold, and packing it for delivery, falsely thinking the gold was going to a government agency for safe keeping.

7. **SAI PRAVEEN KOMMANA**, **VENKATESWARA REDDY CHAGAMREDDY**, and their co-conspirators used the following manner and means, among others, to achieve the object of the conspiracy

8. On May 22, 2025, V.M. received a telephone call allegedly from the FBI in Connecticut utilizing a phone number with a Washington DC area code. V.M. talked to "Richard Williams", who falsely asserted to be an FBI agent. V.M. was told her social security number had been compromised in a way that indicated she was involved in criminal activity.

9. She was told that the FBI was investigating the matter, but in the meantime, to ensure her money remained safe from further crimes, she needed to move her money out of her accounts and convert it to gold. "Williams" told V.M. that if she did not follow their orders, they would take away her social security benefits. V.M. was also told that if she

3

discussed what was happening with anyone, that person would become a target of the investigation.

10. From on or about May 23, 2025, through September 17, 2025, V.M. was contacted by "Williams" several times regarding transferring money to gold. V.M. was required to validate her possession of gold through photos of the gold and receipts of purchase sent via text messages. V.M. was directed to meet with undercover agents who would pick up the gold for "Williams". For two of the gold exchanges, "Williams" provided V.M., by way of text message, a document purported to be a receipt of deposit with the U.S. Treasury Department.

11. Specifically, on or about May 23, 2025, after communications with "Richard Williams" via telephone calls or text messages, V.M. opens a personal bank account at Legacy Bank. On or about June 3, 2025, "Williams" caused V.M. to move $85,000.00 out of her personal bank account at First National Bank of Hutchinson into her new bank account at Legacy Bank by way of check.

12. On or about June 24, 2025, after communications with "Williams" via telephone calls or text messages, V.M. ordered and paid for 23 one-ounce gold coins, for $78,407.00 from Phil's Coins and Bullion located in Wichita, Kansas. V.M. paid for the gold with a check drawn out of her account at Legacy Bank.

13. On or about July 15, 2025, at the direction of "Williams" via telephone calls or text messages, V.M. met with an unidentified co-conspirator, posing as an undercover agent, in Andale, Kansas and handed over the 23 one-ounce gold coins.

14. On or about July 17, 2025, after communications with "Williams" via telephone calls or text messages, V.M. opened a personal checking account at Garden Plain State Bank. On July 31, 2025, "Williams" caused V.M. to transfer $110,000 from her Edward Jones trust account into her Garden Plain State Bank account by way of check.

15. On or about August 5, 2025, after communications with "Williams" via telephone calls or text messages, V.M. ordered and paid for 28 gold coins, for $97,720.00 from Phil's Coins and Bullion located in Wichita, Kansas. V.M. paid for the gold with a cashier's check drawn out of her account at Garden Plain State Bank.

16. On August 12, 2025, "Williams" and V.M. had a series of phone calls and text messages in interstate commerce in which "Williams" told V.M. that an agent would be arriving to pick up the gold.

17. On or about August 12, 2025, at the direction and coordination of "Williams" and other known and unknown co-conspirators via telephone calls, text messages or encrypted messages, V.M. met with **VENKATESWARA REDDY CHAGAMREDDY**, posing as an agent working with "Williams", in Andale, Kansas and handed over the 28 one-ounce gold coins.

18. After V.M. provided the gold to **VENKATESWARA REDDY CHAGAMREDDY**, V.M. received a photograph of a document via text message from "Williams". This document purported to be a receipt from the US Treasury Department acknowledging receipt of the gold.

19. On or about August 15, 2025, after communications with "Williams" via telephone calls or text messages, V.M. transfers $63,733.15 from her Edward Jones trust account into her Garden Plain State Bank account by way of check.

20. On or about August 19, 2025, "Williams" caused V.M. to withdraw $7,000, by way of cashier's check, from her account at Legacy Bank. On August 20, 2025, "Williams" caused V.M. to withdraw $72,160, by way of cashier's check, from her account at Garden Plain State Bank.

21. On August 20, 2025, after communications with "Williams" via telephone calls or text messages, V.M. purchases 23 one-ounce gold coins for $79,160 from Phil's Coins and Bullion located in Wichita, Kansas. V.M. paid for the gold utilizing the two checks referenced in paragraph 20.

22. On August 27, 2025, "Williams" and V.M. had a series of phone calls and text messages in interstate commerce in which "Williams" told V.M. that an agent would be arriving to pick up the gold.

23. On August 27, 2025, at the direction and coordination of "Williams" and other known and unknown co-conspirators via telephone calls, text messages or encrypted messages, V.M. met with **VENKATESWARA REDDY CHAGAMREDDY**, posing as an agent working with "Williams", in Andale, Kansas and handed over the 23 one-ounce gold coins.

24. On September 4 and 5 2025, in communications with "Williams" via telephone calls or text messages, V.M. is directed to withdraw approximately $75,000 to purchase additional gold coins.

6

25. On September 17, 2025, "Williams" and V.M. had a series of phone calls and text messages in interstate commerce in which "Williams" told V.M. that an agent would be arriving to pick up the gold.

26. On September 17, 2025, at the direction and coordination of "Williams" and other known and unknown co-conspirators via telephone calls, text messages or encrypted messages, V.M. attempted to meet with **SAI PRAVEEN KOMMANA**, posing as an agent working with "Williams".

In violation of Title 18, United States Code, Sections 1349.

## COUNT 2

### INTERFERENCE WITH COMMERCE BY THREAT
### [18 U.S.C. § 1951]

From on or about May 22, 2025, through September 17, 2025, in the District of Kansas and elsewhere, the defendants

**SAI PRAVEEN KOMMANA, and**
**VENKATESWARA REDDY CHAGAMREDDY**

and others known and unknown to the Grand Jury, in furtherance of the scheme to defraud and for the purpose and in the manner set forth in the allegations of Count One of this Indictment, did conspire to obstruct, delay and affect commerce and the movement of articles and commodities in commerce by extortion, as defined in Title 18, United States Code, section 1951, that is the defendants conspired to obtain and attempted to obtain the property of V.M., a person known to the Grand Jury, with her consent induced by wrongful use of actual and threatened fear, including fear of economic loss.

All in violation of Title 18, United States Code, Section 1951(a).

## FORFEITURE NOTICE

27. The allegations contained in paragraphs 1-26 and Counts 1-2 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461.

28. Upon conviction of one or more of the offenses set forth in Count 1 and 2 of this Indictment, the defendants shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, the following:

    A. A forfeiture money judgment against each defendant in an amount equal to the amount of gross proceeds obtained or derived by him from the commission of Counts 1 and 2; and

    B. Approximately twenty-three one-ounce gold coins.

29. If any of the property described above, as a result of any act or omission of the defendants:

    A. cannot be located upon the exercise of due diligence;

    B. has been transferred or sold to, or deposited with, a third party;

    C. has been placed beyond the jurisdiction of the court;

    D. has been substantially diminished in value; or

  E. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

             A TRUE BILL.

<u>December 22, 2025</u>     <u>s/Foreperson</u>
DATE          FOREPERSON OF THE GRAND JURY


RYAN A. KRIEGSHAUSER
UNITED STATES ATTORNEY

By: <u>/s/ Katherine J. Andrusak</u>
Katherine J. Andrusak
Assistant United States Attorney
District of Kansas
1200 Epic Center, 301 N. Main
Wichita, Kansas  67202
Ph: (316) 269-6481
Fax: (316) 269-6484
Email: katie.andrusak@usdoj.gov
Ks. S. Ct. No. 25961

---

  IT IS REQUESTED THAT THE TRIAL BE HELD IN WICHITA, KANSAS

---

## **PENALTIES**

### **Count 1: Wire Fraud Conspiracy, 18 U.S.C. § 1349**

- Punishable by a term of imprisonment of not more than twenty (20) years.  18 U.S.C. § 1343.

- A term of supervised release of not more than three (3) years.  18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000.  18 U.S.C. § 3571(b)(3).  In the alternative, the defendant may be fined not more than the greater of twice the gross gain or twice the gross loss.  18 U.S.C. § 3571(d).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.

### **Count 2: Inference with Commerce by Threat, 18 U.S.C. § 1951**

- Punishable by a term of imprisonment of not more than twenty (20) years.  18 U.S.C. § 1951.

- A term of supervised release of not more than three (3) years.  18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000.  18 U.S.C. § 3571(b)(3).  In the alternative, the defendant may be fined not more than the greater of twice the gross gain or twice the gross loss.  18 U.S.C. § 3571(d).

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

- Forfeiture.